Case 2:21-cv-00269   Document 12   Filed on 12/23/21 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
December 23, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JULIAN G SILVAS, JR., § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:21-CV-00269 |
| § | |
| STEPHEN A GIOVANNINI, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff Julian G. Silvas, Jr., appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, the undersigned recommends that: (1) Plaintiff's claims for money damages against **Defendants Reyna and Mark Gonzales** in their official capacities be **DISMISSED** as barred by the Eleventh Amendment; (2) Plaintiff's claims seeking habeas relief against **Defendants Reyna and Gonzales** be **DISMISSED** without prejudice to Plaintiff raising them in a separate federal habeas corpus action only after he has exhausted available state court remedies; (3) Plaintiff's remaining claims against **Defendant Stephen A. Giovannini** and **Defendants Reyna and Gonzales** in their individual capacities be **DISMISSED with prejudice** for failure to state a claim pursuant

to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); and (4) the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a pretrial detainee at the Nueces County Jail in Corpus Christi, Texas. In this action, Plaintiff sues the following defendants: (1) Stephen A. Giovannini, private attorney; (2) Nueces County Assistant District Attorney Reyna; and (3) Nueces County District Attorney Mark Gonzales. (D.E. 1, p. 3).

Plaintiff alleges the following facts in his complaint. On September 29, 2020, he was arrested and charged with stalking. (D.E. 1, p. 4). According to Plaintiff, he should have been charged with criminal mischief instead of stalking. The case against Plaintiff, however, was dropped at some point. District Attorney Gonzales subsequently brought an indictment against after finding out that the original charge had been dismissed. (D.E. 1, p. 3). Plaintiff complains that Assistant District Attorney Reyna has let the case sit over a

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

year without presenting any evidence. Plaintiff hired Mr. Giovannini who has provided Plaintiff with no assistance in over a year.

Plaintiff asks this Court to dismiss his pending state criminal charge so that he can be released from jail. Plaintiff further seeks monetary relief in the form of a refund from Mr. Giovannini for performing no work on his case. (D.E. 1, p. 4).

### III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the

improper conduct, and the defendant's performance of official duties. *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002).

## IV. DISCUSSION

### A. Defendant Giovannini

Plaintiff challenges Mr. Giovannini's performance as Plaintiff's privately-retained attorney in his Nueces County criminal proceeding. Mr. Giovannini's alleged conduct and/or deficient performance in the criminal proceeding, however, did not occur under the color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 324 (1981) (holding that a public defender does not act under color of state law when performing a lawyer's traditional functions as defendant's attorney in a criminal case); *Mills v. Criminal Dist. Court, No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (concluding that court-appointed counsel are not official state actors); *Russell v. Millsap*, 781 F.3d 381, 383 (5th Cir. 1985) (recognizing that retained counsel does not act under color of state law).

Accordingly, the undersigned respectfully recommends that Plaintiff's claims against Mr. Giovannini be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

### B. Defendants Reyna and Gonzales

#### *(1) Claims Seeking Dismissal of Charge*

With respect to his claims against Assistant District Attorney Reyna and District Attorney Gonzales, Plaintiff asks the Court to dismiss the stalking charge and release him

from prison. "The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief." *Gray v. Guerrero*, No. A-21-CV-762, 2021 WL 4438144, at *2 (W.D. Tex. Sep. 28, 2021) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). "To warrant habeas relief under section 2241, a state petitioner must be in custody and must have exhausted all available state remedies. *Id.* (citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973)). "Although exhaustion of state court remedies is mandated by statute only for post-trial habeas claims under 28 U.S.C. § 2254(b), Fifth Circuit precedent holds that the federal courts should abstain from exercising jurisdiction over pretrial habeas claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Id.* (citing *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) and *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976)). In other words, "federal habeas relief should not be used as a 'pre-trial motion forum for state prisoners.'" *Id.* (quoting *Braden*, 410 U.S. at 493).

Plaintiff alleges nothing to suggest that he has exhausted his state court remedies with respect to his claims against Defendants Reyna and Gonzales. Accordingly, the undersigned respectfully recommends that Plaintiff's claims seeking habeas relief against these defendants be dismissed without prejudice to Plaintiff raising them in a separate federal habeas corpus action only after he has exhausted available state court remedies.

### *(2) Claims Seeking Damages*

While not expressly stated, the undersigned will liberally construe Plaintiff's complaint as also seeking damages against Defendants Reyna and Gonzalez in their individual and official capacities.

Texas district attorneys are considered agents of the state and are, therefore, immune from claims for damages in their official capacities under the Eleventh Amendment. *See Neinast v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000); *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997); *Gray*, 2021 WL 4438144, at *2. Because Plaintiff's claims against Defendants Reyna and Gonzales in their official capacities for monetary damages are barred, the undersigned respectfully respects that such claims be dismissed.

Plaintiff claims for damages against Defendants Reyna and Gonzales in their individual capacities are barred by prosecutorial immunity. Prosecutors enjoy immunity from civil actions for damages under § 1983. While § 1983 has no express provision granting absolute immunity to certain state officials, it is well settled that Congress intended that the immunity available at common law for prosecutors should still apply to suits for damages against those officials under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427-31 (1976).

Prosecutors are absolutely immune from suit for actions taken "in preparation for the initiation of judicial proceedings or for trial, and which occur in the course of a prosecutor's role as an advocate for the state . . . ." *Singleton v. Cannizzaro*, 956 F.3d 773, 779 (5th Cir. 2020) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). Plaintiff's

allegations against Defendants Reyna and Gonzales indicate they acted in the course of their employment performing prosecutorial functions in the initiation and carrying through of judicial proceedings against Plaintiff. *See Gray*, 2021 WL 4438144, at *2 (citing *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994). Accordingly, the undersigned respectfully recommends that Plaintiff's claims for damages against Defendants Reyna and Gonzales in their individual capacities be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

## V.  RECOMMENDATION

For the reasons stated above and for purposes of §§ 1915A and 1915(e)(2), the undersigned recommends that: (1) Plaintiff's claims for money damages against **Defendants Reyna and Gonzales** in their official capacities be **DISMISSED** as barred by the Eleventh Amendment; (2) Plaintiff's claims seeking habeas relief against **Defendants Reyna and Gonzales** be **DISMISSED** without prejudice to Plaintiff raising them in a separate federal habeas corpus action only after he has exhausted available state court remedies; (3) Plaintiff's remaining claims against **Defendant Giovannini** and **Defendants Reyna and Gonzales** in their individual capacities be **DISMISSED with prejudice** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The undersigned respectfully recommends further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted on December 23, 2021.

_____
Julie K. Hampton
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).